UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JOSE CONCEPCION**<br>      **Plaintiff,** | :<br>:<br>: **(Removed from the Middlesex County (MA)** |
| **v.** | : **Superior Court, Docket No. 2581CV00136)**<br>: |
| **UNITED PARCEL SERVICE,** *et seq.*<br>      **Defendants.** | : C.A. No. _____<br>:<br>: |

_____

**NOTICE OF REMOVAL**

Defendant United Parcel Service ("UPS"), by and through undersigned counsel, hereby gives notice of the removal of the case styled <u>Jose Concepcion v. United Parcel Service Company, et seq.</u>, Docket No. 2581CV00136, currently pending in the Middlesex County Superior Court (the "State Court Action"), to this Court, pursuant to the provisions of 28 U.S.C. §§ 1332, 1367, 1441 and 1446. As grounds for removal, State Farm states as follows:

**I.     PROCEDURAL BACKGROUND.**

1.     Plaintiff Jose Concepcion ("Concepcion" or "Plaintiff"), initiated the State Court Action on or about January 17, 2025. A copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit A**.

2.     UPS was served with a copy of the Complaint and Summons on or about January 29, 2025, with service made at its facility in Chelmsford, Massachusetts. A return of service is not yet filed in the State Court Action, but attached hereto as **Exhibit B** is the Notice of Service of Process from UPS's registered agent.

3.     Remaining Defendants Debbie "Deb" "Zahui ("Zahui") and Eric Eldrid ("Eldrid") have not been properly served in this matter.

4. This Notice of Removal is being filed within thirty (30) days after UPS was served and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

5. On February 19, 2025, UPS filed an Emergency Motion in the State Court Action extending its deadline to respond to Plaintiff's Complaint. A copy of that pleading is attached hereto as **Exhibit C**. No further proceedings have occurred in the State Court Action, and no other pleadings, process, or orders have been served in the State Court Action.

6. This is not an action described in 28 U.S.C. § 1445.

7. Venue for removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the State Court Action was pending.

**II.     DIVERSITY JURISDICTION.**

A.     Diversity of Citizenship of the Parties.

8. This is a civil action that falls within this Court's original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

9. In the Complaint, Plaintiff alleges citizenship in Methuen, Massachusetts.

10. UPS is not a citizen of Massachusetts. Under 28 U.S.C. § 1332(c), corporations are deemed citizens of the states in which they are incorporated and have their principal place of business. UPS is incorporated in Delaware and has its principal place of business in Sandy Springs, Georgia. UPS is therefore not a citizen of Massachusetts for purposes of diversity jurisdiction.

11. Upon information and belief, Defendant Eldrid is a resident of Massachusetts. However, at the time of removal, Defendant Eldrid has not been properly served. As such, pursuant to *Gentile v. BioGen IDEC, Inc.,* 934 F. Supp. 2d 313 (D. Mass. 2013), UPS may remove

the case at this time" because one Defendant has been served, but the in-state co-Defendant has not.

12. On information and belief, Defendant Zahui is not a citizen of Massachusetts. It is UPS' understanding that Defendant Zahui resides in New Hampshire.

13. Because Plaintiff is not a citizen of the same state as any Defendant properly served in this action, the parties are completely diverse. See 28 U.S.C. § 1332(a); *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

        B.     Amount in Controversy.

14. The Complaint asserts a variety of claims including slander, intentional infliction of emotional distress, negligent infliction of emotional distress; and violations of M.G.L. 93A. See **Exhibit A**.[1] Plaintiff alleges, by UPS' best interpretation, that Eldrid removed him from his traditional work area due to what he characterizes as a false statement made by Zahui, and as a result, Plaintiff either sustained or saw exacerbation of a physical injury while working in a new area. Id. He was eventually returned to his original work area and remains a UPS employee. Id.

15. The Complaint, by way of an accompanying letter, seeks "court costs, attorney fees and damages, including punitive damages" and demands $375,000.00. Id. at p. 3.

16. M.G.L. c. 93A §9(3A) provides that a party may assert claims for "double or treble damages" in connection with alleged violations of the statute. When a plaintiff alleges violations of a statutory provision that allow multiple damages, those multiple damages are considered for purposes of calculating the amount in controversy with respect to diversity jurisdiction. *See, e.g., Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, No. 1:19CV210, 2019 U.S. Dist. LEXIS 113424 (M.D.N.C. July 9, 2019) (holding that although the plaintiffs sought only $42,000

---

[1] There are additional claims indicated on the civil cover sheet by code: defamation (B-15) and other negligence – personal injury (B-04). UPS disputes all claims.

in damages, that because they had alleged a violation of N.C. Gen. Stat. § 75-16, which allows for treble damages in a personal injury suit, that remand was inappropriate because the amount in controversy was over the minimum threshold, such that federal diversity jurisdiction was present); *Meletiou v. Fleetpride, Inc.*, No. 3:22-cv-00666-FDW-DSC, 2023 U.S. Dist. LEXIS 40307, at *5 (W.D.N.C. March 9, 2023) ("the amount in controversy is determined at the time of removal and includes treble damages when allowed by statute"); *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) (the district court "should consider any special or punitive damages, such as treble damages" that are available to a plaintiff under applicable law); *McCarty v. Derivium Capital, LLC*, No. 3:03-cv-651, 2006 U.S. Dist. LEXIS 6690, at *2 (D. Conn. Feb. 21, 2006 ) ("It is well established that 'exemplary or punitive damages…can be included in determining whether the jurisdictional amount in controversy requirement has been met'")) (quoting 14B Charles Alan Wright et al., Federal Practice and Procedure § 3702, at 89 (3d ed. 1998)). Thus, based upon the Complaint's assessment of damages, and the claims asserted, the amount in controversy exceeds the $75,000.00 threshold established by 28 U.S. Code § 1332(b).

17. Accordingly, while UPS expressly denies liability to Plaintiff for any of the damages sought in his Complaint, based on the foregoing, the amount in controversy alleged by Plaintiff's Complaint exceeds $75,000.00, exclusive of interest and costs. Consequently, removal of this action to this Court based on diversity jurisdiction is both timely and proper under 28 U.S.C. §§ 1332(a) and 1441(a).

### III. VENUE AND PROCEDURAL REQUIREMENTS.

18. The United States District Court for the District of Massachusetts is the District Court for the district encompassing Middlesex County, Massachusetts, where the State Court

Action is pending in the Middlesex County Superior Court.  <u>See</u> 28 U.S.C. §115(a)(1).  Accordingly, venue is proper in this district under 28 U.S.C. §1446(a).

19.   Consent from Zahui and Eldrid for removal was not sought and is not required because they were not properly joined and served in this matter to date.  <u>See</u> 28 U.S.C. §1446(b)(2)(a).

20.   In accordance with 28 U.S.C. §1446(d), UPS will promptly serve a copy of this Notice of Removal on all Parties served to date and will file a copy of the Notice of Removal with the Clerk of Courts for the Middlesex County Superior Court.

21.   UPS expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

22.   By this Notice of Removal and the associated exhibits, UPS does not waive any defenses or objections it may have to this action.  UPS reserves the right to raise all defenses and objections to Plaintiff's claims after the State Court Action is removed to this Court.

**IV.    CONCLUSION.**

WHEREFORE, this action is properly removed from the Middlesex County Superior Court to the United States District Court for the District of Massachusetts, pursuant to applicable sections of the United States Code.  Please take notice that no further proceedings may be had in the Middlesex County Superior Court.

*****          *****          *****

Respectfully Submitted,

UNITED PARCEL SERVICE,

By Their Attorneys,

DINSMORE & SHOHL LLP

Date: February 28, 2025  By: */s/ Trevor J. Brown*
Trevor J. Brown, Esq. (BBO #703256)
Dinsmore & Shohl LLP
101 Arch Street, Suite 1800
Boston, MA 02110
Telephone: (857) 305-6400
Facsimile: (857) 305-6401
trevor.brown@dinsmore.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2025, a true and accurate copy of the foregoing was forwarded via U.S. Mail, postage prepaid, upon:

Jose Concepcion
PO Box 232
Methuen, MA 01844
*Plaintiff*

By: */s/ Trevor J. Brown*
Trevor J. Brown, Esq.

#53283399