UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSE CONCEPCION,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE INC.,<br>DEBBIE ZAHUI, and ERIC ELDRID<br><br>    Defendants. | No. 1:25-cv-10488-JEK |

## ORDER OF REMAND

**KOBICK, J.**

Defendant United Parcel Service, Inc. ("UPS") removed this case from Middlesex Superior Court to this Court in February 2025, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). The federal diversity statute gives district courts original jurisdiction of civil actions, as pertinent here, between "citizens of different States" and in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). In June 2025, the Court ordered UPS to show cause why this action should not be remanded to state court for lack of diversity jurisdiction, given that plaintiff Jose Concepcion and one of UPS's co-defendants, Eric Eldrid, are both citizens of Massachusetts. Having considered UPS's response, the Court will remand this case to Middlesex Superior Court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

The Court "has an obligation to inquire sua sponte into its own subject matter jurisdiction," *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004), and must remand a removed case to state court if, "at any time before final judgment," it appears that the Court lacks subject matter jurisdiction, 28 U.S.C. § 1447(c). Where, as here, the notice of removal invokes diversity jurisdiction, the Court

looks to the citizenship of the parties at the time of removal. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011); ECF 1, ¶¶ 8-17. According to the complaint and notice of removal, plaintiff Concepcion is a citizen of Massachusetts. ECF 1, ¶ 9; ECF 1-1, at 2, 4. Defendant UPS is incorporated in Ohio and principally based in Georgia. ECF 1, ¶ 10; ECF 4; ECF 23, at 4 & n.3. Co-defendant Debbie Zahui is a resident of New Hampshire. ECF 1, ¶ 12. And, as UPS acknowledges, co-defendant Eric Eldrid, like the plaintiff, is a resident of Massachusetts. *Id.* ¶ 11.

In contending that the Court has diversity jurisdiction despite the shared Massachusetts citizenship of the plaintiff and one defendant, UPS conflates the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2) and the independent requirement that a removing defendant establish federal subject matter jurisdiction. *See Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009). Under the forum defendant rule, a "civil action otherwise removable solely on the basis of [diversity] jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Some courts have held that this rule does not bar removal of an action where the plaintiff has served an out-of-state defendant but has yet to serve a home-state defendant, because in that situation, the plaintiff "has effectively chosen to waive an objection to the removal by a nimble [out-of-state] defendant who thereafter removes the case before service upon a [home-state] defendant named in the complaint." *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 322 (D. Mass. 2013); *accord Uzoigwe v. Charter Commc'ns, LLC*, No. 24-1399, 2025 WL 1257578, at *1 (2d Cir. May 1, 2025). UPS contends that the forum defendant rule is no bar to its removal of this action, because the home-state defendant—Eldrid—had not yet been served when UPS removed the case to this Court.

That may be so, but the Court need not resolve that question, because it is irrelevant to whether subject matter jurisdiction exists in this case. Even if the forum defendant rule is no bar to removal of a case like this one, where the home-state defendant has not been served at the time of removal, a court still must have subject matter jurisdiction to entertain the case. *See M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1110 (8th Cir. 2023) ("[S]nap removal cannot cure a lack of complete diversity."); *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 28 (1st Cir. 2012) ("Because all the requirements for diversity jurisdiction were satisfied, the improper removal [under the forum defendant rule] had no effect on the federal court's capacity to hear the case."); *accord Dickson v. Buyers Prods. Co.*, 768 F. Supp. 3d 161, 164 (D. Mass. 2025). Here, at the time of removal, plaintiff Concepcion and defendant Eldrid were both citizens of Massachusetts. Consequently, the parties are not completely diverse and the Court lacks diversity jurisdiction. *See M & B Oil, Inc.*, 66 F.4th at 1110 ("Complying with [the forum defendant rule] cannot create jurisdiction . . . . Snap removal or not, an absence of complete diversity makes a federal forum unavailable." (citations omitted)).

Accordingly, this case is REMANDED to Middlesex Superior Court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. *See Delpidio as Tr. of Lewis Bay Beach House Tr. v. Fiorillo*, No. 23-1567, 2023 WL 9187148, at *1 (1st Cir. July 18, 2023) (affirming remand where "there was no basis for the exercise of federal subject matter jurisdiction over the underlying matter").

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: July 2, 2025　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE